UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

        Case No. 12-cr-20545

vs.

        Hon. Bernard Friedman

MARK JOVETT APSEY,

        Defendant.
_____/

## DEFENDANT'S SENTENCING MEMORANDUM

This Memorandum is filed on behalf of the Defendant, MARK JOVETT APSEY, in order to give this Honorable Court guidance in passing upon a sentence for Mr. Apsey. By no means is this Memorandum meant to minimize the criminal conduct of Mr. Apsey. Rather, this Memorandum is meant to assist this Court in imposing a **sentence sufficient, but not greater than necessary**, to achieve the specific sentencing purposes of reflecting the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; to afford adequate deterrence to criminal conduct; to protect the public from further crimes of the Defendant; and to provide the Defendant with any necessary education or vocational training, medical care, or other correctional treatment in the most effective manner.

Mark Jovett Apsey was charged in four counts of a five count First Superseding Indictment. Pursuant to a Rule 11 Agreement, Mr. Apsey entered a guilty plea to the offense of Aiding and Abetting Interstate Travel or Transportation in Aid of Racketeering Enterprises in violation of 18 USC §1952. Said offense is punishable by up to 5 years of incarceration.

Mark Jovett Apsey is 47 years of age. He is married to Lezlee Apsey. The couple has one child who is 4 years of age. In addition, Mr. Apsey has two children who are in their teens from his previous marriage.

Mr. Apsey is a graduate from the University of New Hampshire. His current employment involves consulting work in the area of sales and marketing.

From the date that the undersigned counsel first met Mark Apsey, he has proven to be extremely remorseful, and frankly, ashamed for his conduct. Mr. Apsey realizes that the activities he was engaged in were inappropriate, and he certainly understands that there will be a punitive measure which he will receive.

The probation department has calculated the advisory guideline range for Mark Apsey as 188-235 months. The maximum potential sentence is 60 months. Mr. Apsey contends that the sentencing guideline range should actually be calculated at an advisory guideline range of 121 - 151 months. Said range is calculated based upon the following objections:

(1) Mr. Apsey objects to the probation department imposing a 4 level increase to the guideline calculations in finding that he was a leader/organizer of criminal activity involving 5 or more participants. Mr. Apsey maintains that he was never an organizer/leader of any criminal activity involving 5 or more participants. He maintains that any and all activity he was involved in was directed by Martin Grenier, who should be scored as the organizer/leader.

Furthermore, Mr. Apsey vehemently denies that in the course of the money laundering conspiracy that he kept a portion of the cash to use for lavish vacations. Mr. Apsey contends that he did not keep any portion of the cash purportedly from money laundering from the alleged drug trafficking organization, and that at no time were there any funds utilized for lavish vacations.

In addition, Mr. Apsey contends that he does not have the sufficient ability to pay any fine. He maintains that he has no ability to pay a fine due to the fact that he has a negative net worth of more than $130,000.00. In addition, Mr. Apsey has a negative monthly cash flow in the amount of over $1,500.00. Furthermore, as this Honorable Court is aware, Mr. Apsey agreed to forfeit his right, title and ownership in currency amounting to $365,440.00. Said funds were forfeited pursuant to an agreement set forth in the Rule 11 Agreement. Certainly, said forfeiture is extremely punitive and is sufficient to suffice for any suggested "fine" in the within cause of action. Additionally, as the Government notes in its Sentencing Memorandum, there are other parties who have either obtained civil judgments against Mr. Apsey, or who have filed liens against him in other matters. It is clear that Mr. Apsey has been punitively damaged in this matter, and additional fines would be unaffordable and unwarranted.

As this Court is well aware, the Court has authority to grant a variance downward from the advisory guideline range. The only fact necessary to justify such a variance is the sentencing court's disagreement with the guidelines in a particular circumstance. See *Spears v. United States*, 555 US 261, 263-264 (2009). As the United States Supreme Court made clear in *United States v. Booker*, 543 US 220 (2005), a non-guideline sentence is authorized not just based on individualized mitigating or aggravating circumstances, but also when the guideline sentence fails to properly reflect §3553(a) considerations, or reflects "unsound judgment" or when "the case warrants a different sentence regardless." *Rita v. United States*, 551 US 338 at 351, 357 (2007). The undersigned counsel requests that this Honorable Court consider fashioning a sentence that while meeting the goals required for sentencing (18 USC §3553), "a sentence sufficient, but not greater than necessary," also consider Mr. Apsey's cooperative nature and his sincere remorse for his conduct.

3

In light of all the factors set forth in §3553(a), the recommended guideline range in the within cause of action is greater than necessary to achieve the purposes of sentencing. The "overarching" goal of Federal sentencing is to "impose a sentence sufficient, but not greater than necessary." *Kimbrough v. United States*, 552 US 85 (2007). Accordingly, counsel on behalf of the Defendant requests this Honorable Court make a downward variance from the sentencing guideline range and sentence Mr. Apsey to a minimal term of incarceration.

For the foregoing reasons, your Defendant, MARK JOVETT APSEY, hereby prays that this Honorable Court consider a variance from the sentencing guideline range of 188-235 months, or 121-151 months, as well as the maximum potential sentence of 60 months of incarceration, to a minimal term of incarceration.

                                      Respectfully submitted,

                                      /s/ Stephen T. Rabaut
                                      STEPHEN T. RABAUT (P 31143)
                                      Attorney for Defendant
                                      16931 19 Mile Rd., Ste. 100
                                      Clinton Township, MI 48038
                                      (586) 263-1600
                                      srabautlaw@me.com

Dated: October 3, 2014

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

       Plaintiff,

vs.

       Case No. 12-cr-20545

       Hon. Bernard Friedman

MARK JOVETT APSEY,

       Defendant.
_____/

## CERTIFICATE OF SERVICE

      I hereby certify that on October 3, 2014, I electronically filed Defendant's Sentencing Memorandum and this Certificate of Service with the Clerk of the Court using the ECF system which will send notification of such filing to the attorneys of record.

      /s/ Cynthia Seelinger
      Cynthia Seelinger
      16931 19 Mile Rd., Ste. 100
      Clinton Township, MI 48038
      (586) 263-1600
      srabautlaw@me.com

Dated: October 3, 2014